S. BRETT SUTTON 143107
JARED HAGUE 251517
JONATHAN W. BLACK 280421
SUTTON HAGUE LAW CORPORATION, P.C.
5200 N. Palm Avenue, Suite 203
Fresno, California 93704
Telephone: (559) 325-0500
Facsimile: (559) 981-1217

Attorneys for Defendants
CALIFORNIA DAIRIES, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

\* \* \*

| | |
|---|---|
| LUIS J. FERRER GONZALEZ, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CALIFORNIA DAIRIES, INC., a California Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANT CALIFORNIA DAIRIES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>(Tulare County Superior Court Case No. VCU301419)<br><br>Complaint Filed: August 31, 2023 |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND PLAINTIFF LUIS J. FERRER GONZALEZ AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant California Dairies, Inc. ("Defendant") hereby removes this action from the Superior Court of the State of California for the County of Tulare to the United States District Court for the Eastern District of California.  Defendant removes this action on the following grounds:

## I.    REMOVAL JURISDICTION AND VENUE

1. Defendant removes this action to this Court because it is a civil action that satisfies the requirements stated in the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. § 1332(d).  *See also* 28 U.S.C. §§ 1441(a), 1446.  Under the CAFA, a civil complaint may be properly removed where: (1) any member of a putative class of plaintiffs is a citizen of a different state than the defendant; (2) the aggregate number of members of the putative class is 100 or more; and (3) the amount in controversy is more than $5,000,000 total.  28 U.S.C. § 1332(d).

2. This Court is the proper court for venue because the Eastern District of California embraces the place where the state action case and is pending, i.e. Tulare County.  28 U.S.C. § 1441(a).  Venue is proper in Fresno pursuant to Eastern District of California Local Rule 120(d).

3. To be clear, Defendant does not concede that Plaintiff can or will establish any liability under any of his legal theories, that Plaintiff's putative class is susceptible of certification, or that Plaintiff or the putative class have suffered any damages.  To the contrary, Defendant contends that class and representative treatment are inappropriate and that Plaintiff and the putative class are not entitled to recover any of the amount in controversy.  The analysis that follows takes Plaintiff's allegations as true, and assumes claims will survive, merely and exclusively for purposes of establishing jurisdiction in this Court under the CAFA.

## II.    RELEVANT PROCEDURAL FACTS

4. On August 31, 2023, Plaintiff filed his unverified complaint ("Complaint") entitled *LUIS J. FERRER GONZALEZ, individually and on behalf of all others similarly*

*situated, Plaintiff, vs. CALIFORNIA DAIRIES, INC., and DOES 1 through 100, inclusive, Defendants*, in the Tulare County Superior Court of the State of California, Case No. VCU301419.

5. The Complaint alleges causes of action for **(1)** Failure to Pay Wages for All Hours Worked at Minimum Wage in Violation of Labor Code Sections 1194 and 1197; **(2)** Failure to Pay Overtime Wages for Daily Overtime Worked in Violation of Labor Code Sections 510 and 1194; **(3)** Failure to Authorize or Permit Meal Periods in Violation of Labor Code Sections 512 and 226.7; **(4)** Failure to Authorize or Permit Rest Periods in Violation of Labor Code Section 226.7; **(5)** Failure to Pay Wages for Accrued Paid Sick Days at the Regular Rate of Pay in Violation of Labor Code Section 246; **(6)** Failure to Provide Complete and Accurate Wage Statements in Violation of Labor Code Section 226; **(7)** Failure to Timely Pay All Earned Wages and Final Paychecks Due at Time of Separation of Employment in Violation of Labor Code Sections 201, 202 and 203; and **(8)** Unfair Business Practices in Violation of Business and Professions Code Sections 17200 et seq.

6. On September 11, 2023, Defendant was served with a copy of the Summons and Complaint. A true and correct copy of the Complaint and accompanying documents served is attached hereto as Exhibit 1. A true and correct copy of the docket report reflecting the service of process date is attached hereto as Exhibit 2.

7. On October 11, 2023, Defendant filed an answer to the complaint. A true and correct copy of the Answer is attached here hereto as Exhibit 3.

8. Consistent with 28 U.S.C. § 1446(a), true and correct copies of all pleadings in the state court action are attached to this Notice of Removal.

### III. TIMELINESS OF REMOVAL

9. A defendant must file a notice of removal 30 days after receiving the complaint, "through service or otherwise." 28 U.S.C. § 1446(b)(1).

10. A defendant's statutory period to remove does not begin to run, and a defendant is not required to remove, until the defendant has been served. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999).

11. Pursuant to 28 U.S.C. 1446(b)(1), this removal is timely because Defendant filed this Notice of Removal within 30 days of service of the Summons and Complaint in the state court Action.

## IV. DEFENDANT REMOVES THIS ACTION PURSUANT TO THE CAFA

12. Under the CAFA, "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). In addition, the number of members of all proposed plaintiff classes, in the aggregate, must be 100 or more. 28 U.S.C. § 1332(d)(5)(B).

13. This Court has jurisdiction over this action pursuant to the CAFA because the proposed plaintiff class contains at least 100 members, there is diversity between at least one proposed class member and one defendant, and the total amount in controversy exceeds $5,000,000.

### A. The Putative Class Contains Well-Over 100 Members

14. The CAFA only applies to class actions where the proposed plaintiff members total 100 or more. 28 U.S.C. § 1332(d)(5)(B).

15. Here, Plaintiff seeks to certify a "California Class," comprised of "All current and former non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in the State of California at any time from four (4) years prior to the filing of the initial Complaint in this matter through the date notice is mailed to a certified class..." Exhibit 1, ¶46. While Plaintiff's Complaint appears to articulate as many as nine separate subclasses, some of which contemplate a shorter statute of limitations, Plaintiff collectively labels them as a "California Class," and most of the subclasses set forth a four year lookback period. *Id.*

16. Over the class period there are more than 1,000 current or former hourly, non-exempt employees. During the time period of October 2021 through November 2022 alone, the Defendant employed 978 employees who worked a combined total of more than 39,000

workweeks. This figure does not include any temporary employees. Declaration of Alex Wanless ("Wanless Decl."), ¶ 3. This exceeds the minimum class member threshold.

### B. "Minimal Diversity" Is Present

17. Under the CAFA, diversity need not be "complete," as is the case in non-CAFA cases where removal is based on diversity of the parties. Rather, any class member (named or not) must be a citizen of a different state than any defendant. 28 USC § 1332(d)(2).

18. If a party is a corporation, as is Defendant, it is a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(l).

19. Defendant is now and was at the commencement of this action a citizen of the state of California, within the meaning of 28 U.S.C. § 1332. At all material times, Defendant was a corporation organized under the laws of California, and, at all material times, Defendant has maintained its principal place of business, including its corporate headquarters, in California. Wanless Decl., ¶ 5-6.

20. Applied the minimal diversity requirements of CAFA here, the putative class includes individuals who are citizens of states other than California. As long as any one of the more than 1,000 putative class members is a citizen of a state other than California, minimal diversity is met. According to company records, at least eight (8) putative class members are residents of a state other than California and reside in states including Oregon, Hawaii, Nevada, Texas, Arizona and Oklahoma. Wanless Decl., ¶ 4. Their diverse citizenship qualifies this action for federal jurisdiction under the CAFA.

### C. The Matter in Controversy Exceeds the Sum or Value of $5,000,000

21. For the CAFA to apply, the total amount in controversy must exceed $5,000,000 in the aggregate. 28 USC § 1332(d)(2). As set forth in this section, conservative estimates of Plaintiff's claims are far in excess of the statutory threshold.

22. The putative class's average hourly rates across its California facilities range between approximately $18/hour and $50/hour depending on job title and experience. The average base rate of these employees is $25.05/hour. Wanless Decl., ¶ 7.

23. As the nature and extent of Plaintiff's off-the-clock unpaid minimum and overtime wage claim is highly speculative and by its nature contemplates sums and figures for which Defendant does not have records, Defendant's analysis of the matter in controversy will rely on Plaintiff's meal and rest period claims and accompanying derivative liability for statutory penalties. While Plaintiff's off-the-clock wage claims would certainly comprise part of Defendant's estimated liability and Defendant does not waive its right to assert such damages as part of the jurisdictional minimum should Plaintiff oppose removal, Defendant focuses on the following elements of Plaintiff's claims on the basis that they are more easily verifiable.

### 1. Meal Period Claim

24. Plaintiff alleges that, "Defendant employed policies, practices, and/or procedures that resulted in their failure to authorize and permit meal periods to Plaintiff and the Meal Period Class of not less than thirty (30) minutes for **each** five-hour period of work as required by law." Exhibit 1, Complaint, ¶ 70 (emphasis added). Plaintiff correspondingly alleges that Defendant failed to pay a meal period premium equivalent to one (1) hour at the employee's regular rate of pay for each such workday. *Id.* at ¶ 71.

25. Current and former employees typically work (or worked) five days per workweek. For the aforementioned time period of October 2021 through November 2022, employees worked more than 39,000 workweeks corresponding with approximately 195,000 workdays. Wanless Decl., ¶ 8.

26. While Plaintiff does not allege the precise number of missed meal periods per workweek, as stated above, he claims that Defendant's policies and practices failed to authorize and permit a meal period for each five-hour period of work as required by law.

27. While a fair reading of the Complaint suggests Plaintiff is claiming a non-compliant meal period every workday, conservatively estimating three missed meal periods per workweek instead, and reducing the total number of workweeks by 5% to account for things like sick time, holidays, and vacation, there would be approximately 111,150 meal period violations, with a premium of approximately $25.05 due for each such violation. At that average hourly rate, total meal period violations would be $2,784,307.50. Wanless Decl., ¶¶ 3, 7-8. Thus, under

Defendant's conservative estimate, on the basis of Plaintiff's meal period claim alone, this action meets more than half the minimum jurisdictional amount under the CAFA.

### 2. Rest Period Claim

28. Similar to Plaintiff's meal period claim, Plaintiff also alleges rest periods were "regularly" missed or otherwise noncompliant. Exhibit 1, Complaint, ¶¶ 79-80. And because the Plaintiff Class allegedly had to remain on the premises during any rest period, Plaintiff also appears to be alleging there were no compliant rest periods over the putative class period. *Id.*

29. Like meal period violations, the penalty for a rest period violation is one hour of pay at the regular rate per each day a violation occurred. Applying the same conservative estimates and parameters as above (i.e., one violation per workweek and a 5% reduction of workweeks), the value of total rest period violations at the average pay rate would also be $2,784,307. Wanless Decl., ¶¶ 3, 7-8.

### 3. Waiting Time Penalties

30. For the time period analyzed by Defendant for purposes of CAFA, there are 192 former employees who constitute the putative Waiting Time Subclass. Pursuant to Labor Code § 203, if an employer willfully fails to pay all wages owing in conformance with applicable law at the time of termination, the employer is liable for a penalty of one day's wages up to a maximum of thirty days. As of the filing of this Notice of Removal, more than 30 days have elapsed since all of these employees' employment terminated. Wanless Decl., ¶ 9.

31. In his Complaint, Plaintiff alleges that "Defendants' failure to pay Plaintiff and the Waiting Time Class with all wages earned prior to separation of employment timely in accordance with Labor Code sections 201 and 202 was willful." Exhibit 1, Complaint, ¶¶ 25-26. This allegation is without limit as to the number of violations, and it would also be fair to read the Complaint as claiming violations occurred for each of the 192 subclass members. When calculating the amount of waiting time penalties for the purposes of removal and/or remand, courts will use the statutory maximum, especially when, as is the case here, the plaintiff alleges no less. *See, e.g., Korn v. Polo Ralph Lauren Co.*, 536 F. Supp. 2d 1199, 1204–05; *Navarro v. Servisair, LLC,* No. C 08-02716, 2008 WL 3842984, at *9 (N.D. Cal. Aug. 14, 2008); *Moppin v.*

*Los Robles Reg'l Med. Ctr.,* 2015 WL 5618872, at *3, *5 (C.D. Cal. 2015); *Tajonar v. Echosphere, L.L.C.,* 14CV2732-LAB RBB, 2015 WL 4064642, at *4 (S.D. Cal. July 2, 2015).

32. Under this estimate and at the statutory maximum, i.e., 30 days' pay, and average rate of $25.05/hour, waiting time penalties at issue are $1,154,304 (8 x 30 x 25.05 x 192). Wanless Decl., ¶¶ 7, 9.

### 4. Wage Statement Penalties

33. Labor Code § 226 requires employers to furnish their employees an accurate, itemized statement containing several enumerated items at the time of wages are paid. Violations of the statute result in a $50 penalty for the initial violation and a $100 penalty for each subsequent pay period, up to a $4,000 maximum. Labor Code § 226(e)(1).

34. Here also, Plaintiff alleges violations without limit, and in this case, given that just one meal period violation, one rest period violation, or one unpaid overtime violation in a two-week pay period would result in a violation of Labor Code § 226, it is reasonable to assume a violation would occur for each pay period for each employee. Exhibit 1, Complaint, ¶¶ 17-19 (see 27:8-28).

35. Applied to the Wage Statement Subclass, within the time period analyzed by Defendant for purposes of removal there are approximately 29 pay periods worked by 786 full-time equivalent employees for a total of 20,456 pay periods at issue. Wanless Decl., ¶¶ 3, 10. Assuming each wage statement was inaccurate, applying a 5% pay period reduction (as with the meal and rest period calculations), and multiplying by $50 and $100 for the first and subsequent pay periods respectively, the total potential penalties owed to the putative Wage Statement Subclass total $2,006,300.

### 5. Attorneys' Fees

36. Plaintiff specifically seeks attorneys' fees in nearly all of his causes of action. *See, e.g.,* Exhibit 1, Complaint, ¶¶ 55, 66, 21 (see 28:9-11). In determining whether a complaint meets the requisite amount in controversy, courts consider the aggregate value of claims for damages and attorneys' fees. *See Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155 (9th Cir. 1998). Moreover, many district courts within the Ninth Circuit have assessed estimated fees

through trial when calculating the amount in controversy. *See, e.g.*, *Ponce v. Med. Eyeglass Ctr., Inc.*, No. 15-CV-04035, 2015 WL 4554336, at *3 (C.D. Cal. July 27, 2015); *Cagle v. C&S Wholesale Grocers, Inc.*, No. 2:13–cv–02134–MCE–KJN, 2014 WL 651923, at *10-11 (E.D. Cal. Feb. 19, 2014); *Simmons v. PCR Technology*, 209 F. Supp. 2d at 1034–35 (2002).

37. The Ninth Circuit has established a benchmark of 25% of damages for an award of attorneys' fees in class actions as a reasonable basis to determine the amount of attorneys' fees likely to be recovered. *See Staton v. Boeing Co.*, 327 F.3d 938, 968 (9th Cir. 2003) ("This circuit has established 25% of the common fund as a benchmark award for attorney fees."); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). Some courts in the Ninth Circuit place this number higher, for example, at one-third of the settlement fund. *See Beaver v. Tarsadia Hotels*, No. 11-CV-01842-GPC-KSC, 2017 WL 4310707, at *9 (S.D. Cal. Sept. 28, 2017). Indeed, in a recent case, Plaintiff's counsel has sought up to 35% of the common fund in approved class settlements. *See Beltran v. Olam Spices and Vegetables, Inc.*, 2023 WL 1467118 (E.D. Cal. Feb. 2, 2023).

38. Thus, estimating attorneys' fees for the purposes of determining the amount in controversy, 25% of the above damages estimates is more than reasonable. As such, the Court should count $2.2 million toward the CAFA minimum (*i.e.*, approximately 25% of the sum of $2,784,307 (meal period violations), $2,784,307 (rest period violations), $1,154,304 (waiting time penalties), and $2,006,300 (wage statement violations)).

**6. Total Amount in Controversy**

39. Adding the amounts above, the total amount in controversy is at least approximately $11 million, more than double the jurisdiction minimum under CAFA.[1]

40. According to United States Supreme Court guidance, a defendant's notice of removal need only include a "plausible allegation" that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co. v. Owens,* 574 U.S. 81, 89 (2014).

---

[1] Should the Court or Plaintiff challenge the jurisdictional minimum, Defendant reserves the right to calculate possible damages for the other causes of action for additional time periods beyond the approximately one-year period from which these figures were calculated, and provide additional evidence and argument in support of the calculations set forth in this Notice of Removal.

Evidence establishing the jurisdictional amount is only required when the plaintiff contests, or the court questions, the defendant's allegation. *Id.* Thus, the foregoing paragraphs and supporting evidence exceed what is required in this notice of removal. Removal is appropriate when it is more likely than not that the amount in controversy exceeds the jurisdictional requirement. *See, e.g., Cohn v. PetsMart, Inc.*, 281 F.3d 837, 839–40 (9th Cir. 2002). Although Defendant disputes that Plaintiff can adequately represent the purported class and denies the merits of the claims, with just four of Plaintiff's eight causes of action placing more than $11 million in controversy, Defendant clearly meets the minimum amount required by the CAFA.

## V. REQUISITE NOTICE

In compliance with 28 U.S.C. § 1446(d), a Notice of Filing of Removal, with a copy of this Notice of Removal attached, is being filed with the Clerk of the Superior Court of the State of California, County of Tulare for Case No. 282978. Defendant is serving a Notice of Filing of Removal, with a copy of the Notice of Removal attached, on Plaintiff's counsel. A Certificate of Service of Notice to Adverse Party and State Court of Removal to Federal Court will also be filed with this Court.

## VI. CONCLUSION

For the reasons above, this Court has original jurisdiction over this matter, pursuant to the CAFA. As such, Defendant properly removes this action to this Court.

Date: October 11, 2023           SUTTON HAGUE LAW CORPORATION, P.C.

                                 BY: _____
                                     Attorneys for Defendants
                                     S. BRETT SUTTON
                                     JARED HAGUE
                                     JONATHAN W. BLACK
                                     Attorneys for Defendants
                                     CALIFORNIA DAIRIES, INC.